## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information shoulder be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**        **KATY LYNNE MCGRAW**

**vs.**

**MARIA DOMINGUEZ and THE HERTZ CORPORATION**

**Court:**  19TH **Judicial District Court**     **Docket Number:** _____

**Parish of Filing:** East Baton Rouge     **Filing Date:** _____

**Name of Lead Petitioner's Attorney:**  Jason M. Welborn

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:**  1     **Number of named defendants:**  2

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

|  |  |
|---|---|
| **X** Auto: Personal injury | _____ Auto: Property Damage |
| _____ Auto: Wrongful Death | _____ Auto: Uninsured Motorist |
| _____ Asbestos: Property Damage | _____ Asbestos: Personal Injury/Death |
| _____ Product Liability | _____ Premise Liability |
| _____ Intentional Bodily Injury | _____ Intentional Property Damage |
| _____ Business Tort | _____ Unfair Business Practice |
| _____ Defamation | _____ Fraud |
| _____ Environmental Tort | _____ Professional Negligence |
| _____ Intellectual Property | _____ Medical Malpractice |
| _____ Legal Malpractice | _____ Toxic Tort |
| _____ Other Professional Malpractice | _____ Other Tort (described below) |
| _____ Maritime | _____ Redhibition |
| _____ Wrongful Death | _____ Glass Action (nature of case) |
| _____ General Negligence | |

**Please briefly described the nature of the litigation in one sentence of additional detail:**
  Please see attached Petition for Damages. _____
_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of the person completing this form:

Name Jason M. Welborn          Signature _____

Address 1540 W. Pinhook Road, Lafayette, Louisiana 70503

Phone number: (337) 234-5533          E-mail address: jason@wandhlawfirm.com

| | | |
|---|---|---|
| KATY LYNNE MCGRAW | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS DOCKET NO. _____ | * | PARISH OF EAST BATON ROUGE |
| MARIA DOMINGUEZ, and THE HERTZ CORPORATION | * | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, KATY MCGRAW, a person of the full age of majority and a resident of Pride, East Baton Rouge Parish, Louisiana, and who avers as follows:

I.

Made defendants herein are:

A. MARIA DOMINGUEZ, a person of the full age of majority and a resident of Las Vegas, Clark County, Nevada, who lists her residence/domicile address as, 650 S Town Center Drive, #1095, Las Vegas, Nevada 89144, and who may be served through the Louisiana Long Arm Statute La R.S. 13:3201, at her address of 650 S Town Center Drive, #1095, Las Vegas, Nevada 89144; and

B. THE HERTZ CORPORATION, a foreign company authorized to do and doing business within the State of Louisiana and as such is in the jurisdiction of the Honorable Court and who may be served through its registered agent for service of process listed as, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

II.

This cause of action arises out of an automobile accident occurring on January 14, 2022, in, East Baton Rouge Parish, Louisiana.

III.

On or about January 14, 2022, plaintiff, Katy McGraw, was operating a 2017 Toyota 4-Runner, bearing Louisiana license plate 524BXE, westbound on the main exit lane associated with the parking lot located at 6857 Siegen Lane, Baton Rouge, Louisiana. Plaintiff, Katy McGraw possessed the right of way on the main exit lane associated with the parking lot.

IV.

On or about January 14, 2022, defendant, Maria Dominguez, was operating a 2018 Chevrolet UT, bearing Florida license plate BPEX35, which vehicle was a rental car from Hertz, and was rented through a rental contract issued on the vehicle. Ms. Dominguez was operating the rental vehicle on the cross lanes in the parking lot located at 6857 Siegen Lane, Baton Rouge,

1

Louisiana.

V.

Upon information and belief, defendant, Maria Dominguez, failed to yield at the stop sign and stop bar associated with the cross lanes in the parking lot, and entered the main exit lane directly in front of and in violation of the right of way of, petitioner, Katy McGraw.

VI.

Upon information and belief, this violation resulted in a catastrophic motor vehicular crash, causing substantial property loss, diminished value, and personal injuries to petitioner, Katy McGraw.

VII.

On or about, January 14, 2022, defendant, Maria Dominguez, had rented a vehicle from The Hertz Corporation, and elected coverage pursuant to the rental contract. Said coverage is self insurance through, The Hertz Corporation and provided rental coverage insurance protection to Maria Dominguez while operating a Hertz rental vehicle. Said coverage applied to plaintiff, Katy McGraw, for the accident at issue, and thus, THE HERTZ CORPORATION is liable for any negligence and/or fault on the part of defendant, Maria Dominguez, in causing the accident at issue, per the rental agreement.

VIII.

Defendant, Maria Dominguez, was negligent and/or at fault in causing this accident and plaintiff's injuries, which negligence includes, but is not limited to, the following acts to-wit:

a)    Negligently being inattentive;

b)    Negligently failing to maintain a proper lookout;

c)    Negligently operating her vehicle in a reckless and careless manner;

d)    Negligently violating the right-of-way of plaintiff, Katy McGraw;

e)    Negligently failing to take evasive action in order to avoid a collision with Ms. McGraw's vehicle;

f)    Failing to observe the stop bar located in her lane of travel;

g)    Failing to see what she should have seen and/or do what he should have done under the circumstances in order to avoid this accident; and

j)    Any and all other acts of negligence and/or fault which may be shown at the trial of this matter.

2

IX.

As a result of the negligence and/or fault of defendant, Maria Dominguez, plaintiff, Katy McGraw, has suffered and sustained injuries to her neck, back, and body as a whole. As such, she is intitled to such damages as are reasonable under the premises.

X.

As a result of the injuries sustained in the January 14, 2022, accident, plaintiff, Katy McGraw, suffered damages, including, but not limited to, the following:

a)   Past medical expenses;

b)   Future medical expenses;

c)   Past and future physical pain and suffering;

d)   Past and future mental and emotional anguish;

e)   Past and future disability;

f)   Past and future loss of enjoyment of life;

g)   Past and future economic loss and/or loss of earning capacity;

h)   Diminished value of her vehicle; and

i)   Other such damages as may be proven at the trial of this matter.

XI.

Defendant, The Hertz Corporation through their proprietary administrator ESIS, is liable unto Plaintiff pursuant to LA Rev Stat § 22:1973 for a violation of their good faith duty to fairly and properly adjust Plaintiff, Katy McGraw's claims and as such, are liable for damages sustained as a result of this breach.

XII.

Specifically, Defendant, The Hertz Corporation through their third-party administrator, ESIS, misrepresented pertinent facts or insurance policy provisions relating to the coverages it issues. Specifically, it is alleged that the third-party administrator ESIS, misrepresented the coverage amounts, by providing information to the Plaintiff that the policy issue was a minimum policy with full knowledge that the policy was $100,000.00. Said misrepresentation of the pertinent facts, including coverage limits, is a violation of LA Rev Stat § 22:1973(B)(1).

3

XIII.

Upon information and belief, Defendant, The Hertz Corporation through their third-party administrator, ESIS, committed additional violations and breaches of the duty of good faith by asserting that The Hertz Corporation was secondary insurance, thus not primarily liable for the negligence of their insured driver, despite the fact that, they had possession of the rental contract indicating that they were in fact married. Said material misrepresentation constitutes a breach of the affirmative duty to fairly adjust claims pursuant to LA Rev Stat § 22:1973(B)(1).

XIV.

Additionally, The Hertz Corporation, through its third-party administrator, ESIS, failed to pay the property, loss of use, rental, and towing claims of Plaintiff, Katy McGraw, within 60 days or receipt of satisfactory proof of loss, which failure, is alleged to be arbitrary, capricious, and without probable cause.

XV.

Plaintiff, Katy McGraw, submitted rental bills, rental requests, loss of use requests, and the towing bill to the third-party administrator, ESIS, from the date of accident through current date. As of the time of filing, Defendant, The Hertz Corporation, through ESIS, has still not paid the outstanding rental, loss of use, and property damages in violation of LA Rev Stat § 22:1973(b)(B)(5) & (6).

XVI.

As a result of the failures to use good faith practices to properly and fairly adjust claims, Ms. McGraw, has suffered additional damages, including out of pocket expenses, that delayed succession of medical treatment, and other such damages, which may be awarded as penalties and accessed against The Hertz Corporation for the violations alleged here and above, and is thus, entitled to an award of penalties not to exceed two times the amount of damages sustained or $5,000.00, whichever is greater.

XVII.

As a result of the accident occurring on January 14, 2022, plaintiff, Katy McGraw, has suffered and sustained damages to her neck and back, which have necessitated and will continue to necessitate medical treatment, such that her damages arising out of the accident are in excess of $10,000.00 exclusive of interest and costs.

4

WHEREFORE, plaintiff, KATY MCGRAW, prays that defendants, MARIA DOMINGUEZ AND THE HERTZ CORPORATION, be served with a copy of this Petition for Damages, and that they be cited to appear and answer hereto, and after the lapse of all legal delays and due proceedings are had, there be judgment rendered herein and in favor of plaintiff, KATY MCGRAW, and against defendants, MARIA DOMINGUEZ AND THE HERTZ CORPORATION, jointly and severally, for all such damages as are reasonable under the premises, together with legal interest from date of judicial demand until paid, and that defendants be required to pay all costs of these proceedings, as well as any and all additional and/or alternative relief, as the law, equity or nature of the case may allow.

Respectfully submitted:
WELBORN & HARGETT, LLC

BY: _____

JASON M. WELBORN (#26548)
jason@wandhlawfirm.com
JACOB H. HARGETT (#32490)
jacob@wandhlawfirm.com
1540 W. Pinhook Road
Lafayette, LA 70503
Telephone: (337) 234-5533
Facsimile: (337) 769-3173
Attorneys for Plaintiff,
KATY MCGRAW

**SERVICE INFORMATION:**

MARIA DOMINGUEZ
Through the Louisiana Long Arm Statute
650 S Town Center Drive, #1095
Las Vegas, Nevada 89144

THE HERTZ CORPORATION
Through its Registered Agent for Service of Process
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816